IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JULIAN BRETT WATSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:09-CV-268-TMH |
| ) | [WO] |
| ) | |
| CAPTAIN NIXON, et al., ) | |
| ) | |
| Defendants. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

In this 42 U.S.C. § 1983 action, Julian Brett Watson ["Watson"], an indigent inmate presently incarcerated at the Autauga County Metro Jail, challenges confiscations of personal property, the denial of corrective vision lenses and the medical treatment provided for an injury to his cheek suffered on Mary 11, 2008. Watson seeks a declaratory judgment, injunctive relief and monetary damages for the alleged violations of his constitutional rights.

Upon thorough review of the complaint, the court concludes that the claims arising from the confiscation of personal property are due to be dismissed prior to service of process upon application of the provisions set forth in 28 U.S.C. § 1915(e)(2)(B)(ii).[1]

---

[1] The court granted Watson leave to proceed *in forma pauperis* in this cause of action. *Court Doc. No. 3*. A prisoner who is allowed to proceed *in forma pauperis* will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B) which requires this court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II. DISCUSSION

Watson complains officials employed at the Autauga County Metro Jail have confiscated various items of his personal property and failed to return these items to him.[2] Watson seeks return of his property or "if it was lost, ... the equivalent value replaced in money." *Plaintiff's Complaint - Court Doc. No. 1* at 4.  Under no set of facts has Watson presented a constitutional violation with respect to the deprivation of his personal property.

> If the [property] was not returned because of [the defendants'] negligence, there has been no unconstitutional deprivation of property. *See Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (negligent loss of property does not rise to the level of a constitutional violation.) If [the defendants have] intentionally refused to return the [property], plaintiff has not alleged a constitutional violation. In *Hudson v. Palmer* the Court ruled that an 'unauthorized intentional deprivation of property by a state employee does not constitute a violation of the Due Process Clause ... if a meaningful postdeprivation remedy for the loss is available.'  104 S.Ct. at 3202, 82 L.Ed.2d at 407.

*Rodriguez-Mora v. Baker*, 792 F.2d 1524, 1527 (11th Cir. 1986).

The State of Alabama, through its Board of Adjustment, provides a meaningful post-deprivation remedy for Watson to seek redress for the loss of his property. *Ala. Code* § 41-9-60 *et seq*.  Consequently, Watson's allegation that the defendants violated his constitutional right to due process upon the confiscation and/or destruction of his personal property, whether such was the result of negligence or an intentional act, entitles him to no

---

[2]Under all facets of Alabama law, a county sheriff and his staff act as state officers "when supervising inmates and otherwise operating the county jails." *Turquitt v. Jefferson County, Alabama*, 137 F.3d 1285, 1289 (11th Cir. 1998); *see* Ala. Const. Art. V, § 112 (designates county sheriff as member of State's executive department); *see also Parker v. Amerson*, 519 So.2d 442 (Ala. 1987) (county sheriff is executive officer of the State).  seeks reimbursement of all such funds. *Id*.

relief from this court. This claim is therefore subject to summary dismissal in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's claims arising from the various instances of confiscation of his personal property be dismissed with prejudice prior to service pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

2. This case, with respect to the plaintiff's claims regarding the need for corrective vision lenses and the lack of medical treatment for an injury to his cheek, be referred back to the undersigned for appropriate proceedings.

It is further

ORDERED that on or before April 15, 2009 the parties may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from

attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 2nd day of April, 2009.

      /s/   Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE